UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br><br>DON JUAN W. FUTRELL,<br>　　　　Defendant.<br>_____<br>DON JUAN W. FUTRELL,<br>　　　　Counter-Claimant,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, *et al.*,<br>　　　　Counter-Defendants.<br>_____ | 2:11-cv-00977-PMP-CWH<br><br>**ORDER** |

　　　This matter is before the Court on Counter-Defendant AAA Life Insurance Company's Motion to Strike Third-Party Plaintiff Don Juan W. Futrell's Answers and Objections to Request for Admissions and Have All Answers Deemed Admitted (Dkt. No. 41), filed February 14, 2012. Futrell responded to AAA's Motion on March 2, 2012 (Dkt. No. 46), and AAA replied on March 14, 2012 (Dkt. No. 49). The Court conducted a motion hearing on March 6, 2012.

**BACKGROUND**

　　　This case began as a contract dispute brought by American General Insurance Company against Don Juan Futrell. Futrell filed an Answer and a Third-Party Complaint against AAA Insurance Company seeking $750,000 in life insurance benefits. Futrell is the named beneficiary of a life insurance policy issued by AAA to Joshua Dufort. On November 8, 2010 Dufort was

found dead in Henderson, Nevada. The Clark County Coroner ruled Dufort's death a homicide. During the investigation, police searched Futrell's home pursuant to a warrant and seized several items. According to Mark Hosaka, a detective with the Henderson Police Department, he "personally informed Futrell that he is the 'prime suspect' of the murder."[1]  *See* Affidavit of Detective Mark Hosaka, Exh. A to Counter-Defendant AAA's Motion to Amend (Dkt. No. 40), at ¶ 4.

During discovery, AAA served Futrell with Requests for Admissions. The pertinent requests and Mr. Futrell's responses are as follows:

**Request No. 1:**
Admit that on April 19, 2010, your personal cell phone number was [number redacted].

**Response No. 1**:
Objection. This question is vague and ambiguous as to the scope and meaning of the term "your personal cell phone number." Without waiving said objection, Mr. Futrell admits that, on the date stated, he was the account holder of the stated number. However, to the best of his recollection and belief, he was not using the stated number as his personal cell phone on that date.

**Request No. 2:**
Admit that on November 7, 2010, your personal cell phone number was [number redacted].

**Response No. 2:**
Objection. This request is outside the scope of FRCP 26(b)(1) in that it is not relevant to any party's claim or defense in the pending matter; is designed to vex, harass, annoy Mr. Futrell; and is for the purpose other than proving or disproving the claims and defense in this litigation.

**Request No. 3:**
Admit that on November 8, 2010, your personal cell phone number was [number redacted].

**Response No. 3:**
Objection. This request is outside the scope of FRCP 26(b)(1) in that it is not relevant to any party's claim or defense in the pending matter; is designed to vex, harass, annoy Mr. Futrell; and is for the purpose other than proving or disproving the claims and defense in this litigation.

*See AAA's Motion* (Dkt. No. 41), at Exh. B.

AAA's instant motion seeks to strike Futrell's answers and objections to Request for Admissions and have all answers deemed admitted.

---

[1] Detective Hosaka does not indicate when he informed Futrell of his suspect status. Hosaka represents that the murder investigation is ongoing. Futrell disputes whether he is still a prime suspect in the murder of Dufort.

# DISCUSSION

Fed. R. Civ. P. 36(a) provides in pertinent part:

> A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents . . . If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it . . . The grounds for objecting to a request must be stated . . . The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order than an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

However, "[e]ven when a party's answer does not include . . . a statement [required by Rule 36(a)], and thus fails to comply with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (citations omitted).  "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and this narrowing the range of issues for trial."  *Id*. at 1245 (citations omitted).

### A.     Request No. 1

Futrell maintains that the term "personal cell phone" has multiple possible meanings and is thus vague and ambiguous.  Futrell concludes that he cannot speculate as to AAA's meaning of "personal cell phone."  Instead, Futrell noted that he was the account holder for the phone number, but did not believe he made any calls on that date.

Given that Futrell did make an attempt to answer the request, the Court does not agree that the admission should be deemed admitted.  This request for admission could be answered more fully using qualifying language according to Futrell's understanding of the meaning "personal cell phone" (including listing the other persons who had access to the phone on that date).

### B.     Requests Nos. 2 and 3

In response to AAA's second and third requests, Futrell raised the objection that the

1  requests were not relevant since AAA did not include a claim under the slayer statutes.[2]  Prior to
2  filing the instant motion, the Company filed a Motion to Amend/Correct Its Answer to allow the
3  amendment of claims under the slayer statutes (Dkt. No. 40).  During the pendency of this
4  motion, the undersigned recommended that AAA's Motion to Amend/Correct its Answer be
5  granted (Dkt. No. 54).  District Judge Pro granted AAA's motion on May 29, 2012 (Dkt. No. 57).
6  Pursuant to this ruling, AAA now asserts claims pursuant to the slayer statutes and any
7  objections to requests related to the murder of Dufort on the ground of relevance are now without
8  merit.

9  Futrell further objected on the grounds that the requests were designed to vex, harass and
10 annoy him and that the requests were for purposes other than proving or disproving claims and
11 defenses at issue in this litigation.  As noted *supra*, these requests now relate to claims in this
12 litigations.  There is no proof that AAA intended to harass Futrell through its requests given that
13 AAA intended to move this Court to include claims related to the requests.  The request would
14 narrow an issue for trial; specifically, whether the deceased received calls from Futrell's cell
15 phone.

16 At the time Futrell raised his objections, AAA had not yet filed its motion to include
17 claims pursuant to the slayer statues.  Thus, the Court will not deem the answers admitted, but
18 instead will require that Futrell serve an amended answer consistent with his understanding of the
19 meaning of  "personal cell phone."

## **CONCLUSION**

21 For the foregoing reasons, the Court finds that Futrell's responses to AAA's Requests for
22 Admissions should be answered more fully.  While AAA's motion questioning the sufficiency of
23 Futrell's answers requests that the objections be stricken and deemed admitted, the Court rather
24 determines that an amended answer is appropriate.  Accordingly,

25 **IT IS HEREBY ORDERED** that Counter-Defendant AAA Life Insurance Company's

---

[2]  Futrell's response to this motion further argues that the requests are vague and ambiguous; however, he did not raise an objection on this ground.

- 4 -

1  Motion to Strike Third-Party Plaintiff Don Juan W. Futrell's Answers and Objections to Request
2  for Admissions and Have All Answers Deemed Admitted (Dkt. No. 41) is **DENIED**.  The Court
3  grants AAA leave to renew its motion if Futrell's amended answers are insufficient.
4       **IT IS FURTHER ORDERED** that Futrell shall serve his amended answers to AAA's
5  Request for Admissions Nos. 1-3 by **July 3, 2012**.
6       DATED this 12th day of June, 2012.

_____
C.W. HOFFMAN, JR.
United States Magistrate Judge