1

2

3

4                     **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6

7   AMERICAN GENERAL LIFE INSURANCE            )
    COMPANY,
8                    Plaintiff/Counter-Defendant,    )   Case No. 2:11-cv-00977-PMP-CWH
                                                )
9   vs.                                         )   **ORDER**
                                                )
10  DON JUAN W. FUTRELL,                        )
                                                )
11              Defendant.                       )
    _____          )
12                                              )
    DON JUAN W. FUTRELL,                        )
13                                              )
                Counter-Claimant,                )
14                                              )
    vs.                                         )
15                                              )
    AMERICAN GENERAL LIFE INSURANCE            )
16  COMPANY, *et al.*,                          )
                                                )
17              Counter-Defendants.             )
    _____          )
18

19          This matter is before the Court on the Plaintiff American General Life Insurance

20  Company's Application for Attorneys' Fees (#67), filed August 8, 2012.  The Court also considered

21  Defendant/Counter-Claimant Don Juan Futrell's Response (#70), filed August 17, 2012, and

    Plaintiff's Reply (#71), filed August 28, 2012.
22
                                      **BACKGROUND**
23
            This case began as a contract dispute brought by American General Insurance Company
24
    ("American General") against Don Juan Futrell ("Futrell").  Futrell filed an Answer and a Third-
25
    Party Complaint against AAA Insurance Company ("AAA") seeking $750,000 in life insurance
26
    benefits.  Futrell is the named beneficiary of a life insurance policy issued by AAA to Joshua
27
    Dufort.
28
            On December 15, 2011, American General served Futrell with its First Set of

Interrogatories, First Requests for Production, and a Notice of Intent to Take the Video and Oral Deposition of Futrell on January 24, 2012. *See* #67, Exh. A-1. On January 10, 2012, American General agreed to extend Futrell's discovery response deadline to February 29, 2012 and move his deposition to March of 2012. *See* #67, Exh. A-2. On February 6, 2012 and March 7, 2012, American General served third-party subpoenas to obtain documents and information responsive to its Request for Production Number 32. *See* #67, Exhs. A-3 and A-4. On March 6, 2012, American General notified Futrell's counsel that it would file a Motion to Compel if discovery responses have not been received by March 8, 2012. *See* #67, Exh. 7. On April 2, 2012, American General filed a Motion to Compel Futrell's Discovery Responses (#51). On April 9, 2012, American General served its Second Requests for Production to Futrell. *See* #67, Exh. A-12. On June 11, 2012, Futrell filed his Answer to American General's Second Set of Requests for Production. *See* #67, Exh. A-14.

On July 25, 2012, the Court held a hearing in which it granted American General's Motion to Compel and ordered American General to submit an application for attorneys fees and costs. Per the Court's order, American General filed an Application for Attorneys' Fees on August 8, 2012 requesting $18,304. In response, Futrell contends that the requested amount of fees is unwarranted because the delay in responding to discovery requests was caused by third parties and some fees requested are for work unrelated to the discovery sought.

## DISCUSSION

### A.    Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was

substantially justified.  *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4).  Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'"  *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Futrell does not argue that his failure to timely respond was substantially justified or contend that an award of fees would be unjust as defined by Federal Rule of Civil Procedure 37(c).  Additionally, American General provided substantial evidence of its good faith efforts to resolve the discovery dispute without court action.  Accordingly, the Court finds that Futrell has not met his burden and an award of fees is appropriate in this situation.

**B.      Reasonableness of the Fee Request**

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco,*This 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee

client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1.    Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id.* (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

American General utilized three attorneys and two paralegals with variable rates. Specifically, David T. McDowell's rate is $375 per hour, Jessica L. Wilson's rate is $345 per hour, Bradley J. Aiken's rate is $275 per hour, and both Ariel Godwin and Nicole Costa's rate is $150 per hour. American General argues that these rates are reasonable given the locale, nature and complexity of the case, and experience of the attorneys involved. Futrell contends that American General provided no proof that these rates are reasonable for insurance defense attorneys in the Las Vegas, Nevada community other than self-serving affidavits. It is true that the only evidence

calculation).

American General submitted to the Court to prove that the requested rates are in line with the

prevailing market rate is an affidavit of Doreen Spears Hartwell, local counsel for American

General in this case. *See* #67-20. Specifically, Ms. Hartwell states that the rates for Lionel Sawyer

& Collins litigation attorneys in a complex insurance dispute range from $190 to $650 per hour and

for paralegals, range from $160 to $200 per hour. As such, Ms. Hartwell indicates that the rates

requested in this case are reasonable for the Las Vegas community. One affidavit from local

counsel is not very substantial proof of reasonable rates. Indeed, American General did not state

the number of years of experience and expertise of the legal team involved in this matter, but

rather, provided links to the attorney's accomplishments in a footnote. On the other hand, in its

reply, American General cited rate determinations in other cases that found fees ranging from $250

to $400 per hour to be reasonable and provided a supplemental affidavit from Mr. Aiken. *See* #71,

3. Therefore, based on this Court's knowledge and experience, it finds the requested hourly rates to

be reasonable.

### 2.    Reasonable Hours Expended

On the other hand, the Court finds that the number of hours worked must be adjusted.

Where documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley*, 461 U.S. at 433. Furthermore, the court may also exclude hours related to overstaffing,

duplication, excessiveness, and those otherwise unnecessary to the motion at issue. *Id.* Futrell

contends that fees should not be awarded for work that was vague, not directly related to the

Motion to Compel, and unnecessary. After carefully reviewing American General's itemized time

submissions, the Court agrees that a number of reductions are necessary.[2] The only documentation

provided by American General to determine whether the hours were reasonable is the itemized time

spreadsheet. It appears as though American General provided a list of the time entries made by its

legal team rather than specific descriptions of work performed. As a result, the documentation

lacks adequate information to prove that all of the time entries were directly related to work

---

[2] The Court notes that American General provided an itemized time spreadsheet as Exhibit 15, but it fails to list the total number of hours or breakdown the number of hours for each attorney and paralegal.

necessary for the Motion to Compel and not duplicative.

For example, the Court finds that a number of time entries are too vague and ambiguous to determine how they relate to the Motion to Compel. For example, Mr. Aiken spent 0.6 hours on January 10, 2012 on an "email to all counsel regarding proposed discovery plan/schedule." #67-16, 2. It is unclear from the documentation how this entry relates to the Motion to Compel. The Court has discretion to reduce the award of fees for insufficient documentation. For this reason, the Court will exclude 6.7 hours and $2,014.50 from the fee calculation.

Additionally, the Court finds that a number of the time entries are redundant and unnecessary to the Motion to Compel. For example, Mr. Aiken spent 0.5 hours on February 1, 2012 preparing for and participating in a telephone conference with Verizon Wireless after reviewing a subpoena. This item is unnecessary because American General decided to pursue third party subpoenas rather than bring a motion to compel immediately or wait for the Court's ruling on the motion to compel after it was fully briefed. Additionally, the Court notes that American General granted Futrell extensions to respond to its discovery requests until March 8, 2012. *See* #67, Exh. 7. Therefore, hours billed prior to that date are unnecessary to the Motion to Compel. For the redundant and unnecessary hours, Court will exclude 17.8 hours and $5,175 from the fee calculation.

Furthermore, American General submitted a request for $11,355.50 in fees along with its Motion to Compel on April 2, 2012 and Reply on April 27, 2012. *See* #53, 4. The itemized time spreadsheet in the instant Application for Attorney Fees indicates a total fee request of $18,304.50. This is an increase of $6,949 in the total fee requested after briefing on the Motion to Compel was completed. However, the itemized time spreadsheet lists an additional $2,416 in fees for 9.3 hours after April 27, 2012. See #67-16, 4-5. It is unclear where the other $4,533 in fees was added to increase the total fee request after briefing on the Motion to Compel was completed. The itemized time spreadsheet indicates that 22.9 hours were spent on preparing the Motion to Compel. The Court finds that the time and labor spent on the Motion to Compel was excessive. Given Mr. Aiken's experience and the straightforward nature of the Motion to Compel, the Court finds that American General failed to provide an adequate explanation for why 22.9 hours was a reasonable

amount of time.  Additionally, the documentation indicates seven entries for preparing the motion to compel, but fails to delineate what work was performed in each entry.  On its face, these entries are duplicative.  Accordingly, the Court will exclude 9.4 hours and $2,564.50 from the fee calculation.

In conclusion, the Court finds that American General is entitled to an award of $8,550 in fees.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Futrell shall pay American General the total sum of **$8,550**.  Futrell is further ordered to make full payment to American General by **November 15, 2012**.

DATED this 16th day of October, 2012.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**