# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br>　　　　Plaintiff/Counter-Defendant,<br>vs.<br>DON JUAN W. FUTRELL,<br>　　　　Defendant.<br>_____<br>DON JUAN W. FUTRELL,<br>　　　　Counter-Claimant,<br>vs.<br>AMERICAN GENERAL LIFE INSURANCE COMPANY, *et al.*,<br>　　　　Counter-Defendants.<br>_____ | Case No. 2:11-cv-00977-PMP-CWH<br><br>**ORDER** |

This matter is before the Court on Third-Party Defendant AAA Life Insurance Company's Application for Attorneys' Fees (#86), filed on October 17, 2012. The Court also considered Defendant/Counter-Claimant Don Juan Futrell's Response (#95), filed on November 5, 2012, and AAA Life Insurance Company's Reply (#96), filed on November 7, 2012.

## BACKGROUND

This case began as a contract dispute brought by American General Insurance Company ("American General") against Don Juan Futrell ("Futrell"). Futrell filed an Answer and a Third-Party Complaint against AAA Insurance Company ("AAA") seeking $750,000 in life insurance benefits. Futrell is the named beneficiary of a life insurance policy issued by AAA to Joshua Dufort. On September 5, 2012, Futrell filed a Motion to Compel Discovery. On October 10, 2012, the Court held a hearing in which it found that the Motion to Compel was not well-founded and

denied it with respect to Interrogatories 1, 3, 6, 7, and 8 and Requests for Production 8, 12, and 13. However, the Court granted Request for Production 10 and ordered AAA to provide a privilege log of communications between AAA and American General within two weeks. The Court further ordered AAA to submit an application for attorneys fees and costs. Per the Court's order, AAA filed an application for attorneys' fees on October 17, 2012 requesting $2,745 for 18.30 hours of work. In response, Futrell contends that the Motion to Compel was substantially justified and an award of fees would be unjust.

## DISCUSSION

### A.   Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Futrell contends that all three exceptions to the court granting an award of fees apply to this situation. First, Futrell's counsel, Judy Cox ("Cox") alleges that she tried to meet and confer with AAA's counsel for two months, but Richard Englemann ("Englemann") was unresponsive. Second, Futrell argues that the Motion to Compel was substantially justified as the only way to resolve the discovery dispute. Third, Futrell contends that an award of fees is unjust because AAA's failure to engage in meaningful meet and confers hindered his ability to oppose AAA's

Motion for Summary Judgment, the Court ordered one item to be produced, and Futrell plans to seek reconsideration of the Court's Order. At the October 10, 2012 hearing, the Court found that the Motion to Compel was not substantially justified as AAA prevailed on all but one of its objections. Additionally, AAA provided sufficient evidence that Englemann informed Cox that he did not receive her July 16, 2012 email and subsequently responded to her discovery concerns on August 23, 2012. Also, the Court is not persuaded that the Motion for Summary Judgment is relevant to the success of the Motion to Compel. Further, an award of fees is not unjust because Futrell prevailed on one request for production and may seek review of the Court's Order. Accordingly, the Court finds that Futrell has not met his burden and an award of fees is appropriate in this situation.

### B. Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco,*This 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

AAA had one attorney, Englemann, work on opposing the Motion to Compel at an hourly rate of $150. His affidavit indicates that he is a partner with the law firm of Prince & Keating, obtained his Nevada Bar license in 1999, and has tried over 25 civil jury trials. *See* Motion for Attorneys' Fees (#86), 6. AAA argues that the hourly rate of $150 is reasonable given the locale, nature and complexity of the case, and experience of the attorney involved. Indeed, AAA cited this Court's prior Order #85 granting American General's Application for Attorneys' Fees, which notes that a reasonable hourly rate ranges from $250 to $400. Futrell did not submit any objection to Englemann's hourly rate. Therefore, based on the Court's knowledge and experience, it finds the requested hourly rate of $150 to be reasonable.

## 2. Reasonable Hours Expended

Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Furthermore, the court may also exclude hours related to overstaffing, duplication, excessiveness, and those otherwise unnecessary to the motion at issue. *Id.* Futrell did not submit any objection to the 18.30 hours requested. After carefully reviewing AAA's itemized time submissions, the Court finds 18.30 hours to be a reasonable amount of time to expend on opposing the Motion to Compel. Englemann provided clear descriptions of the time spent on opposing the Motion to Compel. Accordingly, the Court finds that AAA is entitled to an award of $2,745 in fees.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that AAA Life Insurance Company's Application for Attorneys' Fees (#86) is **granted**. Futrell shall pay AAA the total sum of **$2,745**. Futrell is further ordered to make full payment to AAA by **December 10, 2012**.

DATED this 13th day of November, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge